

Douglas P. Lobel

T: (703) 456-8019
dlobel@cooley.com

December 10, 2012

*Via Electronic Mail and Federal Express*

The Honorable Paul A. Engelmayer
United States District Judge
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
Room 670, Courtroom 18C
New York, NY  10007

    Re:    *Space Exploration Technologies Corp. v. D.T. Gruelle Company Group, L.L.C.*, **Case No. 1:12-cv-7510-PAE**

Dear Judge Engelmayer:

    We represent Plaintiff Space Exploration Technologies Corp. ("SpaceX") in the above-referenced matter. This letter responds to the December 5, 2012 letter from Defendant D.T. Gruelle Company Group, L.L.C. ("DTG"), requesting a pre-motion conference so that DTG can file a Rule 56 motion for summary judgment.

    DTG's request is extremely premature. The Court has not even yet conducted the Rule 16(b) conference, recently scheduled for January 4, 2013. No discovery has occurred. DTG even seeks judgment on its counterclaim, to which SpaceX has not yet even had a chance to respond.

    SpaceX recommends that the Court not allow DTG to litigate the case backwards, but instead, the parties should follow the normal course of events. First, SpaceX's response to the counterclaim is due December 24, 2012. SpaceX expects to file a Rule 12(b)(6) motion, because the counterclaim improperly seeks attorneys' fees by misconstruing the language of the contract. Second, the Court should hold the Rule 16(b) conference. The timing of DTG's summary judgment motion can be discussed as part of the overall conduct of the case. Third, the parties should exchange at least written discovery requests. If after some discovery DTG still believes it has a valid Rule 56 motion, then it can file the motion at that time; if SpaceX believes depositions are necessary it can include that in its opposition. Similarly, it makes no sense for the Court to entertain a Rule 56 motion on DTG's counterclaim on the merits, before considering SpaceX's Rule 12 motion challenging the validity of the claim on its face.



The Honorable Paul A. Engelmayer
December 10, 2012
Page Two

As to the grounds for the motion itself, needless to say, SpaceX strongly disagrees with DTG's recitation of facts.

By way of some background, SpaceX is the nation's leading commercial space transportation company, having built and successfully developed and flown the "Falcon 9" rocket and the "Dragon" spacecraft – two of which have already launched and berthed with the International Space Station under a contract with NASA. SpaceX, which so far has launched from Cape Canaveral, Florida, is currently upgrading new launch facilities at Vandenberg Air Force Base (VAFB) in California. For these new facilities, SpaceX had new liquid oxygen tanks manufactured in South Africa. SpaceX contracted with DTG to transport the tanks, first by ship, then by truck, from South Africa to VAFB. SpaceX had a hard deadline to receive and install the tanks in order to meet a contractual milestone on a multi-hundred million dollar contract with a major commercial customer.

SpaceX chose DTG from a number of suppliers to transport the tanks because DTG guaranteed the lowest, firm price. However, while the tanks were already in DTG's possession, DTG suddenly demanded a new price, almost double – and, if SpaceX did not pay the new higher price, DTG said it would withhold delivery of the tanks. In discussions with SpaceX, DTG knew that SpaceX had no choice but to agree to the new higher price. The tanks were in DTG's custody; SpaceX could not find an alternative shipper that late in the process, nor would DTG return the tanks to SpaceX without the new higher payment amount. SpaceX also had to agree to the new higher price because that price increase was less than the much more significant costs SpaceX would have incurred had it been forced to breach its contract with its launch customer.

The law does not permit a shipper to obtain a higher price through economic coercion. SpaceX's complaint sets out a valid claim to invalidate the higher price – as proven by the fact that DTG did not move to dismiss the complaint, but rather filed an answer.

DTG's proposed Rule 56 motion attempts to sow confusion where there is clarity. DTG claims the firm price was actually a non-binding quote that, allegedly, SpaceX knew would be revised upwards. However, DTG does not tell the whole story.

- DTG claims that there was no agreement in writing to a rate before August 15, 2012; however, SpaceX issued a purchase order for a firm sum in February 2012. DTG accepted the offer and did not raise the issue of the allegedly insufficient price until July 2012.
- DTG claims that SpaceX's purchase order was never signed and is therefore invalid; however, the purchase order did not require a signature, but stated that DTG would accept by initiating performance (which DTG did).



The Honorable Paul A. Engelmayer
December 10, 2012
Page Three

- DTG claims that it gave SpaceX the option to cancel the contract in August 2012; however, DTG was aware that it would be too late at that point for SpaceX to make alternative arrangements and still have the tanks delivered in time to meet its obligations for launches.

These are but a few of the many disputed material facts which DTG ignores.

At this time, the Court does not need to determine which side's story should prevail. Because it already appears, at this time, that the parties have wildly different versions of events, the Court can see that allowing an early Rule 56 motion would be futile. If DTG were to file a Rule 56 motion before SpaceX can conduct much discovery, then SpaceX is almost certain to oppose the motion, in part, by seeking additional discovery pursuant to Rule 56(d). An early Rule 56 motion would be a waste of effort, for both the Court and the parties.

For these reasons, SpaceX respectfully submits that the Court should not hold a pre-motion conference on DTG's request to file a Rule 56 motion. Instead, this matter can be addressed at the Rule 16(b) conference that the Court has already scheduled.

Sincerely,

Douglas P. Lobel
Counsel for Space Exploration
Technologies Corp.

cc: Daniel P. Jaffe (*via electronic mail*)
Counsel for D.T. Gruelle Company Group, L.L.C.

540543/RE