UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------x
:
SPACE EXPLORATION TECHNOLOGIES           :
CORP.,                                   :
:
:
:
             Plaintiff,                  :
:
v.                                       :    No.: 1:12-cv-07510-PAE (KNF)
:
D.T. GRUELLE COMPANY GROUP,              :
L.L.C.,                                  :
:
:
:
             Defendant.                  :
----------------------------------------x

## SPACEX'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM

Plaintiff Space Exploration Technologies Corp. ("SpaceX"), by and through undersigned counsel, as and for its Answer to the Amended Counterclaim ("Counterclaim") by Defendant D.T. Gruelle Company Group, L.L.C. ("DTG"), states as follows:

### ANSWER

SpaceX adopts for convenience the headings used in the Counterclaim as reference only, and denies any allegations implied thereby.

### THE PARTIES

1.     SpaceX is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 1, and on that basis denies them.

2.     Admitted.

### JURISDICTION AND VENUE

3.     The allegations in Paragraph 3 state conclusions of law as to which no response is required.

4. The allegations in Paragraph 4 state conclusions of law as to which no response is required.

5. The allegations in Paragraph 5 state conclusions of law as to which no response is required.

## STATEMENT OF FACTS

6. SpaceX is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 6, and on that basis denies them.

7. SpaceX is without sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 7, and on that basis denies them.

8. SpaceX admits that it is a corporation engaged in space exploration which has successfully launched rockets into space and that it has technical and engineering expertise in exploring space. SpaceX admits that it has expertise, knowledge and experience with the equipment and materials necessary to enable it to explore space.

9. SpaceX admits that the parties entered into the DTG Contract on November 22, 2011 for DTG to act as an NVOCC on behalf of SpaceX, but denies that this contract was "the" only contract.

10. SpaceX admits that the DTG Contract was signed by SpaceX's Gwynne Shotwell. The remaining allegations in Paragraph 10 state conclusions of law as to which no response is required. To the extent the remaining allegations of Paragraph 10 states allegations of fact, SpaceX denies them.

11. The allegations in Paragraph 11 state conclusions of law as to which no response is required. To the extent that Paragraph 11 purports to characterize the DTG Contract, the

document speaks for itself and any attempt to characterize it is denied. To the extent Paragraph 11 states allegations of fact, SpaceX denies them.

12. The allegations in Paragraph 12 state conclusions of law as to which no response is required. To the extent that Paragraph 12 purports to quote from the DTG Contract, the document speaks for itself and any attempt to characterize it is denied.

13. SpaceX admits that it placed an order with DTG for the transportation of the Tanks from GasCon (Pty) Ltd ("GasCon"), Cape, South Africa but denies the remaining allegations in Paragraph 13.

14. SpaceX denies the allegations in Paragraph 14.

    a. Admitted.

    b. SpaceX denies the allegations in Paragraph 14b.

    c. SpaceX denies the allegations in Paragraph 14c.

    d. Paragraph 14d purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14d.

    e. Paragraph 14e purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14e.

    f. SpaceX admits that DTG gave a quote of $182,000 per Tank, but denies that the quote was made on February 22, 2013. SpaceX is without sufficient knowledge or information to form a belief as to the allegations pertaining to the basis of DTG's quote, and on that basis denies them. The remaining allegations in Paragraph 14f state conclusions of law as to

which no response is required.  To the extent Paragraph 14f states allegations of fact, SpaceX denies them.

    g.  SpaceX admits that it issued Purchase Order Number 145090 in the amount of $364,000 on February 24, 2012 for the transport of two Tanks based upon DTG's quote.  To the extent that Paragraph 14g purports to quote from the Purchase Order, the document speaks for itself and any attempt to characterize it is denied.  The remaining allegations in Paragraph 14g state conclusions of law as to which no response is required.  To the extent Paragraph 14g states allegations of fact, SpaceX denies them.

    h.  The allegations in Paragraph 14h state conclusions of law as to which no response is required.  To the extent Paragraph 14h states allegations of fact, SpaceX denies them.

    1)  The allegations in Paragraph 14h(1) state conclusions of law as to which no response is required.  To the extent Paragraph 14h(1) states allegations of fact, SpaceX denies them.

    2)  SpaceX denies Paragraph 14h(2).

    3)  SpaceX admits that the Purchase Order intended shipment to Vandenberg AFB.  The remaining allegations in Paragraph 14h(3) purport to characterize and summarize documents and facts, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies the remaining allegations of Paragraph 14h(3).

    4)  The allegations in Paragraph 14h(4) purport to characterize and summarize documents and facts, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies the remaining allegations of Paragraph 14h(4).

- 5 -

        i.        Paragraph 14i purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14i.

        j.        SpaceX denies the allegations in Paragraph 14j. To the extent that Paragraph 14j purports to quote from a document, the document speaks for itself and any attempt to characterize it is denied.

        k.        Paragraph 14k purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14k. To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

        l.        Paragraph 14l purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14l. To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

        m.        Paragraph 14m purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14m. To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

    n.  Paragraph 14n purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14n.

    o.  Paragraph 14o purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14o.  To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

    p.  Paragraph 14p purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14p.  To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

    q.  Paragraph 14q purports to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX denies Paragraph 14q.  To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

    r.  SpaceX admits that on August 15, 2012 DTG's South African agent, GAC Laser, and ALE commenced the transport of the Tanks from GasCon to the Cape Town Port, and sent SpaceX an invoice for the increased costs of the shipment.  The remaining allegations of Paragraph 14r purport to characterize and summarize communications, but those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX

denies Paragraph 14r.  To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

        s.        Admitted.

        t.        The allegations in Paragraph 14t state conclusions of law as to which no response is required.  To the extent Paragraph 14t states allegations of fact, SpaceX denies them.  To the extent Paragraph 14t purports to characterize and summarize communications, those characterizations and summarizations are incomplete and inaccurate, and on that basis SpaceX also denies Paragraph 14t.  To the extent the Counterclaim purports to characterize and summarize written documents, those documents are the best evidence of their contents and SpaceX denies any effort to characterize or summarize their contents incompletely.

15.        The allegations in Paragraph 15 state conclusions of law as to which no response is required.  To the extent Paragraph 15 states allegations of fact, SpaceX denies them.

16.        The allegations in Paragraph 16 state conclusions of law as to which no response is required.  To the extent Paragraph 16 states allegations of fact, SpaceX denies them.

17.        The allegations in Paragraph 17 state conclusions of law as to which no response is required.

## CLAIM

### BREACH OF CONTRACT AND CLAIM FOR INDEMINIFICATION BASED ON SPACEX's PROVIDING INACCURATE AND INCOMPLETE INFORMATION TO D.T. GRUELLE

18.        SpaceX restates its responses to each of the foregoing paragraphs as if fully set forth herein.

19. The allegations in Paragraph 19 state conclusions of law as to which no response is required. To the extent that Paragraph 19 purports to characterize the DTG Contract, the document speaks for itself and any attempt to characterize it is denied.

20. The allegations in Paragraph 20 state conclusions of law as to which no response is required. To the extent that Paragraph 20 purports to characterize the DTG Contract, the document speaks for itself and any attempt to characterize it is denied.

21. The allegations in Paragraph 21 state conclusions of law as to which no response is required. To the extent Paragraph 21 states allegations of fact, SpaceX denies them.

22. The allegations in Paragraph 22 state conclusions of law as to which no response is required. To the extent Paragraph 22 states allegations of fact, SpaceX denies them.

23. The allegations in Paragraph 23 state conclusions of law as to which no response is required. To the extent Paragraph 23 states allegations of fact, SpaceX denies them.

24. The allegations in Paragraph 24 state conclusions of law as to which no response is required. To the extent Paragraph 24 states allegations of fact, SpaceX denies them. To the extent that Paragraph 24 purports to characterize the DTG Contract, the document speaks for itself and any attempt to characterize it is denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Counterclaim fails to state a valid claim upon which relief may be granted. DTG's expansive interpretation of the indemnification language contravenes New York law, which narrowly construes indemnification clauses.

- 9 -

### SECOND AFFIRMATIVE DEFENSE

The Counterclaim is premature and not ripe because the merits of SpaceX's claims have not yet been decided and a request for attorney's fees is premature.

### THIRD AFFIRMATIVE DEFENSE

The Counterclaim for contractual indemnification fails because the indemnification provision is limited to third-party claims.

### FOURTH AFFIRMATIVE DEFENSE

DTG's damages, in whole or in part, were not proximately or directly caused by SpaceX's alleged breach of contract but instead were proximately or directly caused by DTG's own actions and/or actions of intervening third parties.

### FIFTH AFFIRMATIVE DEFENSE

DTG's claims are barred, in whole or in part, by the doctrine of estoppel and by the doctrine of waiver.

### SIXTH AFFIRMATIVE DEFENSE

DTG, as result of its own conduct, is barred from obtaining any relief against SpaceX under the doctrine of unclean hands.

### RESERVATION OF RIGHTS

SpaceX presently has insufficient knowledge or information upon which to form a belief whether it may have additional, yet unstated, affirmative defenses.  SpaceX reserves the right to assert additional affirmative defenses in the event discovery indicates additional affirmative defenses are appropriate.

## PRAYER FOR RELIEF

SpaceX respectfully requests that the Court:

(1) Dismiss the Counterclaim with prejudice in its entirety and/or enter judgment in SpaceX's favor and against Defendant;

(2) Grant SpaceX its attorney's fees and costs to the extent recoverable; and

(3) Award SpaceX any other relief the Court deems just and equitable.

Dated: January 28, 2013

Respectfully submitted,

COOLEY LLP

/s/ Douglas P. Lobel
Douglas P. Lobel (DL-3894)
11951 Freedom Drive
Reston, Virginia 20190
Telephone: (703) 456-8000
Facsimile: (703) 456-8100
and

Jason Koral (JK-1044)
1114 Avenue of the Americas
New York, New York 10036
Telephone: (212) 479-6000
Facsimile: (212) 479-6275

*Counsel for Space Exploration Technologies Corp.*

**CERTIFICATE OF SERVICE**

      I hereby certify that on this 28th day of January, 2013, **SPACEX'S ANSWER TO DEFENDANT'S AMENDED COUNTERCLAIM** was filed through the ECF system and will be sent electronically, via the ECF system, to the following registered participants, as also identified on the Notice of Electronic Filing (NEF). There are no non-registered participants in this case to my knowledge and belief.

> Daniel P. Jaffe
> Husch Blackwell Sanders, LLP
> 190 Carondelet Plaza, Suite 600
> St. Louis, MO 63105-3441
> (314) 480-1500
> Fax: (314)-480-1505
> Email: dan.jaffe@huschblackwell.com
>
> *Counsel for Defendant D.T Gruelle Company Group, L.L.C.*

        /s/ Douglas P. Lobel
        Douglas P. Lobel

545625/RE