```
┌─────────────────────────────────────┐
│ USDC SDNY                            │
│ DOCUMENT                             │
│ ELECTRONICALLY FILED                 │
│ DOC #:_____                  │
│ DATE FILED:   5/13/13                │
└─────────────────────────────────────┘
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

Douglas P. Lobel
Jonathan Lawson (JL-1118)
COOLEY LLP
One Freedom Square
11951 Freedom Drive
Reston, Virginia 20190-5656
(703) 456-8000

Jason Koral (JK-1044)
1114 Avenue of the Americas
New York, New York 10036
Telephone:  (212) 479-6000
Facsimile:  (212) 479-6275

*Counsel for Space Exploration Technologies Corp.*

| | |
|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP.  )<br><br>Plaintiff,  )<br><br>v.  )<br><br>D.T. GRUELLE COMPANY GROUP, L.L.C.,  )<br><br>Defendant.  ) | Civil Action No. 1:12-cv-07510-PAE (KNF) |

## STIPULATED DISCOVERY CONFIDENTIALITY ORDER

Upon the agreement of the parties through their respective counsel, and good cause appearing therefore, IT IS HEREBY ORDERED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, that the following procedures shall govern the disclosure and use of confidential discovery information in this Action (as defined below).

1. **PURPOSE OF THE STIPULATED DISCOVERY CONFIDENTIALITY ORDER**

It is the purpose of this Stipulated Discovery Confidentiality Order ("DCO") to allow the parties reasonable access to information from other parties while providing appropriate protection regarding the disclosure and use of confidential information that is produced in this Action (as defined below), without frequent resort to the Court.

2. **DEFINITIONS**

(a)    "Action" means the above-captioned case including discovery, motions, hearings, trial, appeals and retrials.

(b)    "Party" means any of the parties to this Action.

(c)    "Counsel" means outside counsel of record appearing for a Party in this Action, (which are, as of the date of this DCO, Cooley LLP and Husch Blackwell LLP, or counsel for a non-party from whom discovery is sought by a Party, and each of their respective attorneys, employees and assistants only to the extent that they have a need for such information.

(d)    "Discovery Material" includes, without limitation, deposition testimony, deposition exhibits, interrogatory responses, admissions, affidavits, declarations, transcripts, documents or other tangible material produced pursuant to compulsory process or voluntarily in lieu thereof, and any other documents or information produced or given to a Receiving Party (as defined below) by a Producing Party (as defined below) in connection with discovery in this Action.

(e)    "Producing Party" means a Party and any non-party that produces or otherwise makes available Discovery Material to a Receiving Party (as defined below) in the course of this Action.

(f)    "Receiving Party" means a Party that receives Discovery Material from a Producing Party in the course of this Action.

(g)    "Confidential Information" means Discovery Material containing information that: (i) has not been made public and that the Producing Party would not make public in the ordinary course of its activities; (ii) the Producing Party is under a preexisting obligation to a non-party to treat as confidential; (iii) the Producing Party has in good faith been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that is confidential or proprietary to the Receiving Party; or (iv) the Receiving Party has in good faith been requested by a Party to so mark on the ground that the Party considers such material to contain information that is confidential or proprietary to the Party.

(h)    "Attorneys' Eyes Only Information" is a subset of Confidential Information (i) containing information of a commercially sensitive nature, that would create a genuine risk of competitive injury if disclosed by a Producing Party to a Receiving Party, such as trade secrets, proprietary financial information or business information related to pricing, methodology and deal structure; (ii) that the Producing Party has in good faith been requested by the Receiving Party to so mark on the ground that the Receiving Party considers such material to contain information that would create a genuine risk of competitive injury if disclosed by a Producing Party to a Receiving Party; or (iii) that the Receiving Party has in good faith been requested by a Party to mark on the ground that the Party considers such material to contain information that would create a genuine risk of competitive injury if disclosed by a Party to a Receiving Party.

(i)    "Protected Material" means: (i) any Discovery Material designated as Confidential Information or Attorneys' Eyes Only Information in accordance with Paragraphs 3(a), 3(b) and 3(d) below; (ii) any copies, abstracts, summaries or information derived from such

Discovery Material; and (iii) any notes or other records embodying or disclosing the contents of such Discovery Material.

(j)       "Jury Consultant" means an established non-party professional in the field of jury consultancy and his or her respective secretaries and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this Action.

(k)       "Graphics Vendor" means an established non-party professional in the field of graphics preparation and his or her respective secretarial and other assistants to whom it is necessary or useful to disclose Protected Material for the purpose of this Action.

(l)       "Document Management Vendor" means an established non-party professional involved in one or more aspects of organizing, filing, coding, converting, storing, or retrieving documents and/or data or designing programs for handling and/or managing documents and/or data connected with this Action, including but not limited to the performance of such duties in relation to a computerized litigation support system; and to employees of the Document Management Vendor performing one or more of these functions.

(m)       "Independent Expert" means an expert or independent consultant or other person who is actually retained or employed to advise or to assist Counsel in this Action, including the preparation and trial of this Action, and his or her secretarial or other assistants, to whom it is necessary or useful to disclose Protected Material for the purpose of this Action.

## 3.       DESIGNATION OF PROTECTED MATERIAL

(a)       Discovery Material that the Producing Party believes in good faith to contain or constitute Confidential Information may be so designated by such Producing Party in the following manner.   Each page of each document and discovery response that contains Confidential Information shall be marked on its face with the legend "Confidential".

(b)     Discovery Material that the Producing Party believes in good faith to contain or constitute Attorneys' Eyes Only Information may be so designated by such Producing Party in the following manner.   Each page of each document or discovery response that contains Attorneys' Eyes Only Information shall be marked on its face with the legend "Attorneys' Eyes Only."

(c)     In the case of depositions, if Counsel for a Party believes that a portion or all of the testimony given at a deposition constitutes Confidential Information or Attorneys' Eyes Only Information, Counsel shall so state on the record and shall request that the entire transcript or the relevant portion of testimony as applicable be so designated.   The court reporter, who shall first have agreed to abide by the terms of this DCO pursuant to the provisions of Paragraph 4(b) below, shall be instructed to include on the cover page of each such transcript the legend: "This transcript portion contains information subject to a Discovery Confidentiality Order and shall be used only in accordance therewith".   In addition, each page of the transcript containing information designated as Confidential Information shall include the legend "Confidential" and each page containing information designated as Attorneys' Eyes Only Information shall include the legend "Attorneys' Eyes Only".

If the deposition is videotaped, the videotape shall be subject to the same level of confidentiality as the transcript and the cover of the videotape shall include the legend "Confidential" or "Attorneys' Eyes Only," as appropriate, if any portion of the transcript itself is so designated.

When testimony designated as Confidential Information or Attorneys' Eyes Only Information is elicited during a deposition, persons not entitled to receive such information under the terms of this DCO shall be excluded from the deposition proceedings for the portion of the

deposition so designated. Counsel attending a deposition who fails to designate the transcript or videotape as Confidential Information or Attorneys' Eyes Only Information on the record at the deposition shall have five (5) court days following receipt of the transcript from the court reporter in which to do so. Such correction and notice thereof shall be made in writing to the court reporter, with copies to all other counsel, identifying the portion(s) of the transcript that constitute items designated as Confidential Information or Attorneys' Eyes Only Information, and directing the court reporter to designate the transcript as provided in this paragraph 3(d). Until expiration of the aforesaid five (5) day period following receipt of the transcript by the Producing Party, all deposition transcripts and videotapes shall be considered and treated as Attorneys' Eyes Only Information unless otherwise agreed on the record at the deposition. Nothing in this paragraph 3(c) shall apply to or affect the confidentiality designations on documents or materials entered as exhibits at depositions.

(d)     Whenever a Party determines in good faith that Discovery Material produced or disclosed by a non-party agent or consultant to that Party contains Confidential Information or Attorneys' Eyes Only Information, that Party (the "Designating Party") may designate such material as Confidential Information or Attorneys' Eyes Only Information even when the Discovery Material has not been so designated by the non-party producing them.

(e)     Any producing Party's assertion of trade secret, proprietary or other confidential interests in any information that qualifies for treatment as Protected Material shall not be a valid basis upon which to refuse to respond to any reasonable discovery request to which that information is responsive, including a reasonable question at a deposition.

- 6 -

4.    **ACCESS TO PROTECTED MATERIAL**

    (a)    **Treatment of Protected Material**

Discovery Material designated as Confidential Information or Attorneys' Eyes Only Information shall be treated by each Receiving Party as confidential according to the category designated for such material unless and until the Court rules to the contrary or the Producing Party or Designating Party, as applicable, agrees otherwise.

Any multiple copies of identical documents that bear inconsistent markings shall all be treated in accordance with the most restrictive marking, until the discrepancy may be resolved by the Parties.

    (b)    **Access to Attorneys' Eyes Only Information**

Documents designated as "Attorneys' Eyes Only Information" may be disclosed only to: (i) outside litigation counsel for the respective parties and employees of said counsel; (ii) in-house counsel who are primarily engaged in managing litigation for the Party, and who are not involved in competitive decision-making; (iii) outside vendors, such as Document Management Vendors, Jury Consultants, Graphics Vendors, or similar litigation support services, so long as the vendors will maintain the confidentiality of the materials provided to them; (iv) Independent Experts, so long as each has executed an Acknowledgment and Agreement To Be Bound By The Stipulated Discovery Confidentiality Order in the form attached hereto as Exhibit A (the "Acknowledgment"), and so long as the expert's knowledge of the other Party's Attorney's Eyes Only Information would not create the potential for a conflict of interest and/or cause the potential loss or diminution of the value of the confidentiality of the information; (v) persons called as fact witnesses during depositions, court hearings or trial proceedings in this matter, provided that such witnesses execute the Acknowledgment; (vi) any reporter/stenographer

assigned to a deposition or hearing at which Attorneys' Eyes Only Information is used; and (vii) the Court, including all Court employees.

      (c)    **Access to Confidential Information**

Documents designated as "Confidential Information" may be disclosed to all of the persons identified in Paragraph 4(b) (in accordance with the terms set forth in that paragraph) and, in addition, to any Party to this Action.

      (d)    **Access to Protected Material During Depositions or Trial**

During testimony taken at depositions or trial, and during the preparation for such testimony, (i) Protected Material designated as Confidential Information may be disclosed to witnesses and their attorneys, provided that such witnesses execute the Acknowledgment, and (ii) Protected Material designated as Attorneys' Eyes Only Information may be disclosed to witnesses and their attorneys, but only where such witnesses (a) execute the Acknowledgement, and (b) (1) can be shown to have authored or been an authorized recipient of such Protected Material, or (2) can be shown by reference to the face of such Protected Material to have been the source of the Attorneys' Eyes Only Information contained therein. Disclosure pursuant to (b)(1) and (b)(2) above is limited to the information that the witness authored or was an authorized recipient of, or was the source of.

Notwithstanding the foregoing, a current officer, director or employee of a Party may be examined and may testify concerning all Confidential Information and Attorneys' Eyes Only Information produced by that Party.

      (e)    **Production of Acknowledgments**

If a Producing Party has a reasonable and actual need for any Acknowledgements executed by the Receiving Party (e.g., to enforce the terms of this Order upon notice of a

- 8 -

potential breach), the Receiving Party shall provide copies (or provide the original for inspection) of one or more Acknowledgements upon reasonable request from the Producing Party.

(f)     **Custody of Protected Material**

Any person or entity having custody of or retaining Protected Material shall be responsible for maintaining the Protected Material in a secure manner that limits access thereto to persons to whom the Protected Material may be disclosed pursuant to this DCO.

(g)     **Disclosure By Consent**

A Receiving Party may also disclose Protected Material to a person that the Producing Party or Designating Party, as applicable, agrees, in writing, may have access to such Protected Material, on a case-by-case basis.

(h)     **Use of a Party's Own Protected Material**

Nothing in this DCO shall be construed to limit or impede the right and ability of a Producing Party to disclose or use its Confidential Information or Attorneys' Eyes Only Information for any purpose, except the protection of this DCO shall be waived where such use or purpose is inconsistent with the handling of such protected information under this DCO, or otherwise causes such information to no longer come within the definitions of Confidential Information or Attorneys' Eyes Only Information.

5.     **NON-PARTIES**

If a non-party agrees in writing to be bound by the terms of this DCO, such non-party shall have the benefits, rights and protection of a Producing Party, Receiving Party, or Designated Party as applicable under this DCO.

6.    **COURT PROCEDURES**

(a)    For applications and motions to the Court in which a Party submits Protected Material, the Party must make a specific request to the Court by letter explaining the reasons for seeking to file that submission under seal. The party must attach to its letter one full set of the relevant document(s) in highlighted form (*i.e.*, with the words, phrases, or paragraphs to be redacted highlighted). Upon receiving these documents, the Court will review the proposed redactions. Chambers will then notify the party of its decision and the party may then, to the extent permitted by the Court, file the redacted documents on ECF and the full, unredacted documents under seal.

(b)    Provided the Court has approved of the redactions, then those portions of documents containing Protected Material shall be filed in sealed envelopes or other appropriate sealed containers which shall contain a copy of the first page of the filing with the caption of this Action attached to the outside of such envelope or container, shall indicate the nature of the contents of the sealed envelope or container, and shall display a statement substantially in the following form:

> "THIS ENVELOPE IS SEALED PURSUANT TO THE DISCOVERY CONFIDENTIALITY ORDER OF THIS COURT, CONTAINS CONFIDENTIAL INFORMATION AND IS NOT TO BE OPENED OR THE CONTENTS REVEALED EXCEPT BY ORDER OF THE COURT OR AGREEMENT OF THE PARTIES."

If Protected Material is included in the first page attached to the outside of the envelope or container, it may be deleted from the outside copy. The documents as filed shall indicate clearly which portions are designated as containing Confidential Information or Attorneys' Eyes Only Information. A copy of this DCO shall be submitted to the Clerk together with the

materials      to      be      filed      under      seal.      The      parties      shall      consult

http://nysd.uscourts.gov/cases_records.php?records=sealed_records for the Court's full procedures.

Any Party filing a document under seal with the Court may file a copy of such document for public inspection omitting or redacting the Protected Material that caused the original document to be filed under seal.

(c)      If a Party fails to file Protected Material under seal, any Party, who in good faith believes that filing under seal is required to protect its interests, may move the Court to seal the Protected Material within five (5) court days of service of the allegedly defective filing. Conversely, any Party that contests the validity of a filing having a confidentiality designation may move the Court to unseal the Protected Material within five (5) court days of service of the allegedly erroneous designation. The proponent of a confidentiality designation shall bear the burden of persuading the Court that the proponent has satisfied the legal requirements for the document or information to have such protection. Notice of either type of motion shall be given to all Parties. Nothing in this provision relieves a Party of liability for damages caused by failure to properly file such Protected Material under seal.

7.      **HANDLING OF PROTECTED MATERIAL**

(a)      Protected Material requested and exchanged herein shall be used only for the purpose of preparation and trial of this Action, and shall not be used for any other purpose, including business, governmental, commercial, administrative or judicial proceedings.

(b)      Nothing herein shall restrict a recipient permitted to receive Protected Material from making working copies, abstracts, digests and analyses of the Protected Material for use in connection with this Action and such working copies, abstracts, digests and analyses shall be deemed to have the same level of protection under the terms of this DCO as the Protected Material to which they pertain. Further, nothing herein shall restrict a permitted recipient of

- 11 -

Protected Material from converting or translating such information into machine-readable form for incorporation in a data retrievable system used in connection with this Action, provided that access to such information, in whatever form stored or reproduced, shall be limited to permitted recipients.

(c)     If a Party inadvertently produces any Confidential Information or Attorneys' Eyes Only Information without labeling or marking or otherwise designating it as such in accordance with the provisions of this DCO, the Producing Party may give written notice to the Receiving Party that the Discovery Material produced is deemed Confidential Information or Attorneys' Eyes Only Information and should be treated as such in accordance with the provisions of this DCO.  The Receiving Party must treat such Discovery Material with the noticed level of protection from the date such notice is received.  Promptly upon providing such notice to the Receiving Party, the Producing Party shall provide the Receiving Party with another copy of such Discovery Material that bears the new designation under this DCO, at which time the Receiving Party shall return the originally-produced Discovery Material (and all copies) to the Producing Party.

The Receiving Party's disclosure of such Discovery Material, prior to the receipt of notice from the Producing Party of a new designation, to persons not authorized to receive such information, shall not be deemed a violation of this DCO.  However, the Receiving Party shall make a good faith effort to (1) immediately retrieve such Discovery Material from such person(s) not authorized to receive Confidential Information or Attorneys' Eyes Only Information, (2) obtain an agreement(s) from the person(s) to whom the disclosure was made to be bound by this DCO and (3) have such person(s) not authorized to receive Confidential Information or Attorneys' Eyes Only Information execute the Acknowledgment.

(d)     Each Receiving Party shall be responsible, through counsel, to advise the Producing Party promptly of any losses or compromises of the confidentiality of Protected Material, or of any disclosure of Protected Material to persons not authorized to receive it, and shall make a good faith effort to (1) immediately retrieve such Protected Material from such person(s) not authorized to receive Confidential Information or Attorneys' Eyes Only Information, (2) obtain an agreement(s) from the person(s) to whom the disclosure was made to be bound by this DCO and (3) have such person(s) not authorized to receive Confidential Information or Attorneys' Eyes Only Information execute the Acknowledgment.

(e)     A Receiving Party shall maintain and store Protected Material in secure and safe places, including a computer network with appropriate security measures, and shall exercise the same degree of care in handling it as a reasonably prudent person would handle trade secrets and proprietary, confidential, personal or private information.

## 8.     DESIGNATION NOT DETERMINATIVE OF STATUS

The designation or failure to designate Discovery Material as Confidential Information or Attorneys' Eyes Only Information at the time of production or otherwise shall not be determinative of that material's status as trade secret, proprietary or otherwise confidential information.

## 9.     CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

All challenges to the propriety of a confidentiality designation shall first be made in writing by letter or other document, identifying the specific Protected Material challenged and the grounds for the challenge.  The Parties may raise a challenge as to the propriety of a confidentiality designation at any time in the course of this Action, regardless of when it first received notice of the designation. The Parties shall first attempt to resolve such challenges in good faith on an informal basis.  If such resolution is not possible, the Producing Party or

Designating Party, as applicable, shall substantiate the basis for such designation in writing to the objecting Party. If the dispute still cannot be resolved, the Party challenging the designation may seek appropriate relief from the Court; otherwise the challenge is waived. The burden of proof shall be on the Party claiming Protected Material status for the Discovery Material. Any document designated Confidential Information or Attorneys' Eyes Only Information shall enjoy the protection of such designation until the issue relating to the propriety of the designation has been resolved by the Court or by agreement of the Parties.

**10.   CLIENT CONSULTATION**

Nothing in this DCO shall prevent or otherwise restrict Counsel from rendering advice to their clients and, in the course thereof, relying generally on examination of Confidential Information and Attorneys' Eyes Only Information; provided however, that in rendering such advice and otherwise communicating with such clients, Counsel shall not make specific disclosure of any item so designated except pursuant to the procedures and terms set forth in this DCO.

**11.   MODIFICATION PERMITTED**

Nothing in this DCO shall prevent any Party or other person from seeking modification of this DCO.

**12.   NO WAIVER**

(a)    Review of the Confidential Information or Attorneys' Eyes Only Information by Counsel, Jury Consultants, Graphics Consultants, Document Management Consultants, Independent Experts, or witnesses in the Action shall not constitute a waiver of the confidentiality of the Protected Material.

(b)    Nothing contained in this DCO and no action taken pursuant to it shall prejudice the right of any Party to contest the alleged authenticity, relevancy, admissibility or

discoverability of the Confidential Information or Attorneys' Eyes Only Information produced pursuant hereto.

(c)     Nothing contained in this DCO shall (i) affect any Party's or person's right to object to any discovery request, including but not limited to the right to assert that no discovery should be had of certain documents or information, or to assert any privilege, protective doctrine, or the work-product doctrine or (ii) require the production of any information or communication that a Party contends is protected from disclosure by any privilege, protective doctrine or the work-product doctrine.

(d)     Nothing herein shall affect any Parties' right to claim that a document inadvertently produced to any other Party is privileged under the attorney-client privilege, work product doctrine or other privilege or protective doctrine.

(i)     Upon learning of an inadvertent production, the Producing Party shall promptly give all counsel of record written notice of the inadvertent production. The notice shall identify the Protected Material that was inadvertently produced (including the format of the production – *e.g.,* paper. electronically stored information, discovery response) and the earliest date the Protected Material was produced. If the Producing Party claims that only a portion of a document, electronically stored information or tangible thing was inadvertently produced, the Producing Party shall also provide a new copy of the Protected Material with the allegedly privileged portions redacted. The Producing Party need not provide any explanation or evidence regarding the reasonableness of efforts taken to prevent such inadvertent production and the Receiving Party agrees to not challenge the reasonableness of such efforts.

(ii)     Upon receiving written notice of an inadvertent production or upon determining that Protected Material it received is known to be privileged in whole or in part, the Receiving Party must promptly return the Protected Material and all copies thereof and sequester any notes that reproduce, copy or otherwise disclose the substance of the privileged or work product protected information. In such event, the Receiving Party may dispute the claim of privilege or work-product doctrine and submit such dispute to the Court for resolution. The Receiving Party may not use or disclose the privileged or work product protected information until any dispute regarding the claim of privilege or work-product doctrine is resolved. If the Receiving Party disclosed the privileged or work product protected information before being notified, it must take reasonable steps to retrieve and prevent further use or distribution of such information until the dispute is resolved.

(iii)    If, after receiving notice of an inadvertent production, the Receiving Party challenges a claim that Protected Material is privileged or work product protected, the Receiving Party may, in connection with a good faith challenge, make reference to the Protected Material in any submission to the Court relating to such challenge, so long as such filing is made under seal. If requested by the Receiving Party, the Producing Party shall provide the Protected Material at issue to the Court for *in camera* review, unless the Court directs otherwise.

(iv)    If the Court rules that the produced Protected Material is not privileged or work product protected, the Producing Party shall, within two (2) days of the Court's order, provide the Protected Material at issue to the Receiving Party.

(v)     If the Court rules that the produced Protected Material is privileged or work-product protected, the Receiving Party shall, within two (2) days of the Court's order destroy all sequestered notes that reproduce, copy or otherwise disclose the substance of the privileged or work-product protected information and confirm such destruction in writing to the Producing Party.

13.     **OTHER PROCEEDINGS**

Any person or Party subject to this DCO that may be subject to a motion or other form of legal process seeking the disclosure of another Party's Protected Material designated under one of the categories of confidentiality pursuant to this DCO, shall promptly notify that Party so that it may have an opportunity to appear and be heard on whether that Protected Material should be disclosed.

14.     **FINAL DISPOSITION — RETURN OR DESTRUCTION OF DOCUMENTS**

Within ninety (90) days after final termination of this Action, each Party shall assemble all Protected Material and shall, at its option, either (a) return such Protected Material to the producing Party, or (b) destroy it; provided, however, that Counsel for a Party shall be entitled to retain a copy of all pleadings, motion papers, legal memoranda, correspondence, work product, attorney-client communications that include or are derived from Protected Material, a filed copy of the Protected Material created by such Counsel or retained consultants during the course of the litigation, or made part of the record, or which have been filed under seal with the Clerk of the Court, and a copy of all depositions, including exhibits and deposition evaluations containing Protected Material.   If a Party elects to destroy the Protected Material, a Certificate of Destruction shall be served on all Counsel within ninety (90) days of final termination of the Action.

- 17 -

15.   **SURVIVAL OF OBLIGATIONS**

The obligations created by this DCO shall survive the termination of this Action unless otherwise modified by the Court.  The Court shall retain jurisdiction, even after termination of this Action, to enforce this DCO and to make such amendments and modifications to this DCO as may be appropriate.

**COOLEY LLP**
One Freedom Square
11951 Freedom Drive
Reston, Virginia 20190-5656
*Counsel for Space Exploration Technologies Corp.*

By: _____
       Douglas P. Lobel

Dated: 5-10-2013

**HUSCH BLACKWELL LLP**
60 East 42nd Street, Suite 4600
New York, NY 10165
*Counsel for D.T. Gruelle Company
Group, L.L.C.*

By: _____
       Daniel P. Jaffe

Dated: 5/10/2013

**SO ORDERED THIS** 10th **DAY OF** _____May_____, **2013:**

_____
HON. PAUL A. ENGELMAYER
UNITED STATES DISTRICT JUDGE

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| SPACE EXPLORATION TECHNOLOGIES CORP. | ) ) ) | |
| Plaintiff, | ) ) ) | Civil Action No. 1:12-cv-07510-PAE (KNF) |
| v. | ) ) | |
| D.T. GRUELLE COMPANY GROUP, L.L.C., | ) ) ) | |
| Defendant. | ) ) ) | |

## ACKNOWLEDGEMENT AND AGREEMENT TO BE BOUND BY THE STIPULATED DISCOVERY CONFIDENTIALITY ORDER

I, _____, declare under penalty of perjury that I have read in its entirety the Stipulated Discovery Confidentiality Order ("DCO") in the above-referenced action, understand my obligations thereunder regarding Confidential Information and Attorneys' Eyes Only Information and agree to be bound by its terms concerning the disclosure and use of Confidential Information and Attorneys' Eyes Only Information, as defined therein. I hereby submit to the jurisdiction of the United States District Court, Southern District of New York, for the purpose of enforcement of the DCO.

_____
Name (Print)

_____
Signature

_____
Company Name

_____
Title

_____
Dated

553507 /RE